JUDGE KOELTL

12 CIV 0067

UNITED STATES DISTRICT COURT
For the
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TOMMY BOY ENTERTAINMENT L.L.C., doing business as TOMMY BOY DISTRIBUTION and BIG CAT RECORDS,<br><br>Plaintiff,<br><br>-against-<br><br>JOSEPH SMITH, also known as, JOSEPH "BLUE" SMITH, also known as, JOSEPH S. SMITH, successor in interest to BLUE STAR ENTERTAINMENT INTERNATIONAL, INC., doing business as, BLUE STAR RECORDS,<br><br>Defendant. | ECF Case<br><br>Civil Action No.:<br><br>**VERIFIED COMPLAINT**<br><br>Jury Trial: No |



RECEIVED JAN 05 2012 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff Tommy Boy Entertainment L.L.C., doing business as TOMMY BOY DISTRIBUTION and BIG CAT RECORDS (the "Plaintiff"), by its attorneys, The Schutzer Group, PLLC, as and for its complaint against the Defendant Joseph Smith, also known as Joseph "Blue" Smith, also known as Joseph S. Smith, successor in interest to Blue Star Entertainment International, Inc., doing business as Blue Star Records (the "Defendant"), hereby alleges as follows:

### The Parties

1.      At all relevant times hereinafter mentioned, Plaintiff was and is a Delaware limited liability company, which transacts business in the State of New York, is registered with the New York Department of State, Division of Corporations and maintains an office at 902 Broadway, 14th Floor, New York, New York 10010. Plaintiff's telephone number is (212) 388-8390.

2. Upon information and belief, at all relevant times hereinafter mentioned, Defendant was and is an individual residing at 13781 S.W. 42nd Street, Davie, Florida and is the successor in interest to Bluestar Entertainment International, Inc., a dissolved for profit corporation which was registered and duly organized under the laws of the State of Florida and who does and/or did business as, Blue Star Records. Defendant's telephone number is (954) 476-5896.

### Basis For Jurisdiction

3. The amount of Plaintiff's damages are more than $75,000.00 and Plaintiff is a Delaware limited liability corporation with offices located only in the State of New York, and upon information and belief, Defendant is an individual who resides in the State of Florida, therefore this Court posses diversity jurisdiction over the parties pursuant to 28 U.S.C. § 1332.

4. This Court is the proper venue for this action as the agreement between the parties provides that the parties each agree to submit to New York jurisdiction and the state and federal courts shall have exclusive jurisdiction over the disputes of the parties relating to said agreement.

### NATURE OF ACTION

5. This is an action for damages sustained by Plaintiffs as a result of Defendant non-payment of Plaintiff's fees relating to a label representation, manufacturing and distribution agreement entered into Plaintiff and Defendant (the "Agreement").

### FACTS

6. Beginning on or about August 1, 2009, Defendant requested Plaintiff to provide label representation, manufacturing and distribution and related services (the "Services") on behalf of the Defendant.

7. Pursuant to the terms of the Agreement, Defendant agreed to pay Plaintiff various fees relating to the Services and the sale and distribution of the Defendant's music.

8. The terms of the Agreement between the Plaintiff and Defendant was reduced to writing and by the Plaintiff and the Defendant.

9. The terms of the Agreement provided that if any monies were due Plaintiff pursuant to the Agreement, Defendant would pay such amount within 5 days after Plaintiff's rendition of a demand for payment.

10. Commencing on or about August 1, 2009 and ending on or about January 31, 2011, Plaintiff provided the Services pursuant to the Agreements.

11. At all times herein above mentioned, Plaintiff fully performed all duties and responsibilities required by the Agreement.

12. Statements detailing all amounts due from Defendant to Plaintiff under the Agreement were duly sent to Defendant by Plaintiff.

13. Defendant has failed to remit amounts due and required by the Agreement to be paid to Plaintiff and thereby breached the Agreement.

14. Pursuant to the terms of the Agreement, Plaintiff provided written notice to Defendant of their non-payment and/or breach of the Agreement ("Notice of Default").

15. Despite receipt of the Notice of Default, Defendant failed to remit payment to Plaintiff any of the monies required to cure such breach within 15 days of receipt of the Notice of Default.

16. Pursuant to the terms of the Agreement, upon Defendant's failure to cure within 15 days of receipt of the Notice of Default resulted in Defendant's breach became deemed to be a "material breach".

17. Pursuant to the terms of the Agreement, as a result of Defendant's breach, Defendant is additionally liable to Plaintiff for the payment of Plaintiff's reasonable attorneys' fees and court costs incurred relating to Defendant's breach.

18. As a result of said breach, Plaintiff has incurred damages in the sum of $896,540.37 together with attorneys' fees.

19. Despite due demand, Defendant has failed to pay any part of said $896,540.37.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)

20. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 19 of this complaint with the same force and effect as if set forth fully at length herein.

21. Defendant and Plaintiff entered into the Agreement, pursuant to which Defendant agreed to pay Plaintiff fees relating to the Services and the sale of Defendant's music.

22. Plaintiff fully performed all of its obligations under the Agreement.

23. As a result of Defendant's failure to pay the amounts due to Plaintiff in accordance with the Agreement, Plaintiff has been damaged and Defendant is liable to the Plaintiff in the sum of $896,540.37, plus interest from January 31, 2011, together with attorneys' fees and costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Account Stated)

24. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 23 of this complaint with the same force and effect as if set forth fully at length herein.

25. Plaintiff duly issued and sent to Defendant invoices and payment demands, which set forth in detail all monies due under the Agreement.

26. Defendant received the invoices and payment demands without protest and neither objected to them nor indicated that they were erroneous in any respect whatsoever. Defendant thereby acknowledged that the debt owed to Plaintiff, as set forth in said invoices and payment demands, is true and correct.

27. As set forth above, the amount currently due and owing by Defendant under the Agreement is $896,540.37 plus interest from January 31, 2011.

28. By reason of the foregoing, Plaintiff is entitled to judgment against Defendant for an account stated in the sum of $896,540.37 with interest from January 31, 2011, plus court costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Unjust Enrichment)

29. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 28 of this complaint as though fully set forth at length herein.

30. Defendant benefited from the Agreement and the Services, has acknowledged receipt of those benefits, and has failed to pay for same.

31. Given Defendant's failure to make payment for the outstanding balance owed, and the fact that Defendant was the beneficiary under the Agreement and the Services, Defendant

would be unjustly enriched to Plaintiff's detriment unless judgment is entered against Defendant for the full balance due and owing to Plaintiff.

32. As set forth above, Defendant has been unjustly enriched to Plaintiff's detriment.

33. By reason of the foregoing, Plaintiff is are entitled to judgment against Defendant for unjust enrichment in the sum of $896,540.37, with interest from January 31, 2011, plus court costs and disbursements of this action.

**WHEREFORE**, the Plaintiff demands judgment against the defendant as follows:

A. On the first cause of action, the sum $896,540.37 plus interest from January 31, 2011, together with attorneys' fees and costs and disbursements of this action; and

B. On the second cause of action, the sum of $896,540.37, plus and prejudgment interest from January 31, 2011, together with the costs and disbursements of this action; and

C. On the third cause of action, the sum of $896,540.37, plus and prejudgment interest from January 31, 2011, together with the costs and disbursements of this action; and

D. For such other and further relief as this Court deems just and equitable.

Dated:   New York, New York
         November 18, 2011

                                            THE SCHUTZER GROUP PLLC

                                            By:_____
                                            Eric P. Schutzer, Esq.
                                            330 Seventh Avenue, 15th Floor
                                            New York, NY 10036
                                            (212) 714-0700
                                            Attorneys for the Plaintiffs

## VERIFICATION

STATE OF NEW YORK, COUNTY OF NEW YORK

The undersigned, being duly sworn, deposes and says: I am an officer of the Plaintiff, which is a Delaware limited liability company duly licensed with the New York Secretary of State; I have read the foregoing complaint, and the same is true to my knowledge, except for those matters alleged upon information and belief, and as to those matters, I believe it to be true; the grounds of my belief as to all matters stated upon my knowledge are the Plaintiff's records maintained in the regular course of business, it being within Plaintiff's regular course of business to maintain such records.

Sworn before me 11/18/2011

_____
Notary Public

LORRAINE SAMUELS-McLAMB
Notary Public, State of New York
No. 01SA6134180
Qualified in Queens County
Commission Expires 9/26/2013

_____
for TOMMY BOY ENTERTAINMENT L.L.C.
Plaintiff